The Honorable S. Kate Vaughan

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| PINHAS BARAK,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STATE OF WASHINGTON; the WASHINGTON STATE PATROL; and ZACHARY BLOOMFIELD,<br><br>　　　　　Defendants. | NO. 3:20-cv-05094-BHS-SKV<br><br>**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM OF LAW**<br><br>**NOTE FOR CONSIDERATION:<br>June 4, 2021** |

### I.　　INTRODUCTION

Plaintiff Pinhas Barak filed the instant action against Defendants pursuant to 42 U.S.C. § 1983, alleging violations of his First Amendment rights in connection with a routine traffic stop of Mr. Barak's motorcycle. The incident was captured on Trooper Zachary Bloomfield's dashcam; Mr. Barak was riding a silver and black motorcycle with flashing white strobe lights in between lanes, while wearing law enforcement looking badge emblems on his helmet and motorcycle. The resulting video footage, which is submitted as evidence with this motion, shows that Washington State Trooper Bloomfield's decision to stop Mr. Barak's motorcycle for "lane

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

splitting"[1] and unlawful impersonation of a police officer was based on reasonable suspicion and did not deprive Mr. Barak of his First Amendment constitutional rights.

Accordingly, Defendants respectfully move this Court for an order dismissing with prejudice each of Plaintiff's claims against them on the grounds that (1) neither the State of Washington nor the Washington State Patrol (the Patrol) is a "person" within the meaning of 42 U.S.C. § 1983 and Plaintiff's claims against them are also barred by the Eleventh Amendment and (2) Trooper Bloomfield is entitled to qualified immunity under 42 U.S.C. § 1983 as there is no evidence of a violation of any clearly established law of which every reasonable official in his position would have been aware. The material facts in this case are not in dispute; Defendants are therefore entitled to prevail as a matter of law.

## II. EVIDENCE RELIED UPON

The State relies upon the following evidence in support of their Motion:

(1) Declaration of Gretchen Dolan and attachments:

    a. Exhibit A- Washington State Patrol Report of Investigation for case number 18-021936 by Officer Zachary Bloomfield;
    b. Exhibit B- the dashcam video from Officer Zachary Bloomfield's vehicle on August 21, 2018, related to case number 18-021936.

(2) Declaration of Debra Lefing and attachments:

    a. Exhibit A- Amended Court Order so ordered on February 2, 2019, by Judge Karla Buttorff, Pierce County District Court.

(3) Plaintiff's Complaint (Dkt. #1); and

(4) All pleadings of record.

---

[1] "Lane splitting" is riding a motorcycle between lanes or rows of slow moving traffic which is prohibited pursuant to Wash. Rev. Code 46.61.608 (3). *See* Dolan Decl. at Ex. A (Plaintiff "was driving in between lanes 1 and 2 of northbound Interstate 5").

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT     2     ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

### III. STATEMENT OF UNDISPUTED FACTS

In August 2018, Mr. Barak traveled north on Interstate 5 near milepost 133 in Washington State violating the rules of the road and impersonating an officer; Trooper Bloomfield's dashcam captured the law violations and subsequent traffic stop. Dkt. # 1 at p. 3; Dolan Decl. at Ex. B (hereinafter "Video")[2]. At that time, Mr. Barak operated a 2018 BMW model silver and black motorcycle, licensed and registered in California. *Id.*; Dolan Decl. at Ex. A (hereinafter "Police Report") at p. 2; Dkt. # 1 at p. 3. Mr. Barak's motorcycle displayed aftermarket white strobe lights and four stickers approximately 2" x 2" that had a gold and black badge: one sticker on each of the two rear view mirrors, one on the back of the safe area, and one on the rear storage box of the motorcycle. Video at 09:22-09:48; Police Report at p. 2-9; Dkt. # 1 at p. 3-4. Mr. Barak also prominently displayed two of these law enforcement looking badge emblems on his white and black helmet. Video at 002:15 (view from the back of his helmet); Police Report at p. 10-11 (pictures of the front and sides of the helmet); Dkt. # 1 at p. 3-4. Mr. Barak's helmet had a clear shield over his face and he wore light brown pants, a dark brown leather jacket, dark brown boots, black leather gloves, and black aviator sunglasses. Video 03:00-03:08 and 07:52; Police Report at p. 3-11; Dkt. # 1 at p. 3-4

Trooper Bloomfield observed Mr. Barak riding his BMW with flashing lights between lanes 1 and 2 of northbound Interstate 5 in violation of Wash Rev. Code § 46.61.608. Video; Police Report at p. 2. Trooper Bloomfield initially thought that Mr. Barak was an "officer from another agency" who "was attempting to get through traffic that was driving slower than the

---

[2] The referenced video is the subject of Defendants' contemporaneously filed Motion to Transmit Physical Evidence. Unless otherwise specified, when citing to the video herein, Defendants refer the Court to when each event begins on the video, without reference to its end time. The citation format of 00:00 represents the time elapsed from the start of the video in minutes and seconds, rather than the time of day.

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT — 3 — ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

posted speed limit." Police Report at p. 2; Dkt. # 1 at p. 4.  However, as Mr. Barak approached Trooper Bloomfield's location, he "realized that it was not a police officer and was just a citizen with badges and multiple flashing lights on his motorcycle." Police Report at p. 2; *see also* Video at 12:49-14:01.  Trooper Bloomfield then initiated a traffic stop on Mr. Barak. *Id*.; Video at 01:12-02:08; Dkt. # 1 at p. 4. At this time, Trooper Bloomfield was employed by the Patrol and authorized to enforce the laws of the State of Washington along its highways.   Dkt. # 1 at p. 4.

When Trooper Bloomfield pulled Mr. Barak over, he notified Mr. Barak that he was pulled over for lane splitting and for impersonating a police officer. Video at 02:28-02:33; Police Report at p. 2; Dkt. # 1 at p. 4.  Trooper Bloomfield then asked Mr. Barak "about the golden badge stickers that he had placed on each rear view mirror, on each side of the gas tank, on the side of each saddle bag, on the rear of his motorcycle above an after-market light bar, front helmet under the visor, and back of the helmet."  Police Report at p. 2; *see also* Video at 04:18-04:42; Dkt. # 1 at p. 4.  Mr. Barak stated that "other motorcycles have gangs and this was his little joke to them; each sticker said cigar biker in small black lettering and the badge sticker was shaped like a three pointed police badge that was gold in color." Video 08:22-08:46; Police Report at p. 2;  Dkt. # 1 at p. 4. Also, Trooper Bloomfield noted to Mr. Barak that he was riding the same brand and type motorcycle the Washington State Patrol rides. Video at 05:14-05:22; Police Report at p. 2.  Further, Trooper Bloomfield noted that  Mr. Barak's "helmet was a white full face helmet with the same gold police badge shaped stickers on the front and back, in the same location that police place their markings on their helmets." Police Report at p. 2; *see also* Video 12:45-13:19.

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

Trooper Bloomfield required Mr. Barak to remove the badge stickers prior to leaving the traffic stop and to deactivate the strobing white lights on the front of his bike. Video at 09:58-10:11; Police Report at p. 2; Dkt. # 1 at p. 5. Trooper Bloomfield also issued Mr. Barak an infraction for lane splitting and informed Mr. Barak he would be forwarding the charge of Criminal Impersonation Second Degree to the Pierce County Prosecutor's Office. Video at 25:32-26:40; Police Report at p. 2. The Pierce County Prosecutor's Office then prosecuted the criminal impersonation matter against Mr. Barak. Dkt. # 1 at p. 5; *See* Lefing Decl., Ex. A (hereinafter "Diversion Agreement"). Mr. Barak ultimately entered into a two year pretrial diversion agreement on the charge of Criminal Impersonation in the Second Degree. Diversion Agreement.

In March 2020, Mr. Barak brought this suit against all Defendants for an alleged unlawful detention and arrest in violation of the First Amendment under 42 U.S.C. § 1983. Dkt. # 1 at p. 1-2, 6. He has also sued the State of Washington and the Patrol for allegedly having policies, practices, and customs in violation of the First Amendment under § 1983. *Id.* Mr. Barak seeks compensatory and punitive damages against Defendants, injunctive relief, and attorney fees. *Id.* at p. 7. Defendants move for summary judgment on all claims.

### IV.     STANDARD OF REVIEW

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT     5     ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

nonmoving party." *Id.* The moving party is entitled to summary judgment if the admissible pleadings and documentary evidence produced by the parties permits only one conclusion. *Anderson., 477 U.S.* at 251. Further, the party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial.").

When video evidence is part of the record, and there are no allegations or indications that the video was doctored or altered in any way, nor any contention that what it depicts differs from what actually happened, then the court should view the facts "in the light depicted by the videotape." *Scott v. Harris*, 550 U.S. 372, 378, 380-81, 127 S.Ct, 1769, 167 L.Ed.2d 686 (2007) (where a videotape quite clearly contradicted the version of the story told by the respondent and adopted by the Court of Appeals, the Supreme Court held that "[t]he Court of Appeals should not have relied on such a visible fiction" and "should have viewed the facts in the light depicted by the videotape").

## V.   ARGUMENT

**A.    Neither the State of Washington nor the Patrol is a "Person" for Purposes of Imposing Liability Under 42 U.S.C. § 1983**

In order to establish a claim under 42 U.S.C. § 1983, a plaintiff must establish that a particular person has caused or personally participated in causing the deprivation of a particular protected constitutional right. *Arnold v. Int'l. Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir.

DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

6

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

1981); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). The language of 42 U.S.C. § 1983 provides that:

> Every <u>person</u> who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law…

(Emphasis supplied.) Importantly, states are not "persons" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 42 (1989) ("We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983.") S*ee also Hafer v. Melo*, 502 U.S. 21, 22-23, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). This rule applies equally to state agencies. *See Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995);

    First, the State of Washington is not a "person" within the meaning of 42 U.S.C. § 1983 and Plaintiff has not stated a claim against it. *See Will*, 491 U.S. at 71. Second, the Patrol is an agency of the State of Washington. Wash. Rev. Code 43.43.010. Thus, the Patrol is also not a "person" within the meaning of 42 U.S.C. § 1983, and Plaintiff has not stated a claim against it. *See, e.g.*, *O'Grady v. Tacoma Gen. Hosp.,* No. C14-5128 RJB-KLS, 2014 WL 1670078, at *2 (W.D. Wash. Apr. 8, 2014*), report and recommendation rejected on other grounds*, No. C14-5128 RJB, 2014 WL 1669987 (W.D. Wash. Apr. 28, 2014); *see also Hale v. State of Ariz.,* 993 F.2d 1387, 1398 (9th Cir. 1993).

    Plaintiff's claims against the State and the Patrol are also barred by the Eleventh Amendment, as that immunity extends to state agencies. *Pennhurst State Sch. & Hosp. v. Holdeman*, 465 U.S. 89, 101–102, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Franceschi*, 57 F.3d at 831.

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

7

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

In sum, Mr. Barak has set forth no facts sufficient to establish liability upon the State or the Patrol in either of his causes of action. Further, his attempt to allege a *Monell* based claim against these Defendants in his second cause of action fails. *See Taormina v. Cal. Dep't of Corr.*, 946 F. Supp. 829, 831 (S.D. Cal. 1996), *aff'd and remanded sub nom. Taormina v. Corr. Dep't, State of Cal.*, 132 F.3d 40 (9th Cir. 1997) (dismissing a *Monell* based claim against the California Department of Corrections because it was a state, and not local government, entity).

The holding in *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), provides for civil liability for municipalities. In *Will*, the Court distinguished *Monell* as involving local governments: "[I]t does not follow that if municipalities are persons so are States. States are protected by the Eleventh Amendment while municipalities are not." *Will*, 491 U.S. at 70. Because neither the State nor the Patrol is a local government entity, Mr. Barak's second cause of action is not applicable to them. Thus, Plaintiff's action against the State of Washington and the Patrol under 42 U.S.C. § 1983 must be dismissed with prejudice.

**B.     Trooper Bloomfield Is Entitled to Qualified Immunity under 42 U.S.C. § 1983 as There Is No Evidence That Any of His Conduct Violated Clearly Established Law**

Public officials are immune from suit under 42 U.S.C. § 1983 unless they have "violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *City & Cty. of San Francisco, Cal. v. Sheehan*, 575 U.S. 600, 611, 135 S.Ct. 1765, 191 L.Ed.2d 856 (2015); *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, L.Ed.2d 565 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) ("the doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"). The issue of qualified immunity is a

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT                8                ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

question of law for the court to decide. *See Act Up!/Portland v. Bagley*, 988 F.2d 868, 873 (9th Cir. 1993).

Qualified immunity protects officials "from civil liability so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mullenix v. Luna*, 577 U.S. 7, 11, 136 S.Ct. 305, 193 L.Ed.2d 255 (2015) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). The qualified immunity standard is a generous one; it "'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Hunter v. Bryant*, 502 U.S. 224, 229, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). "This limited protection 'balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably.'" *Lane v. Dist. of Columbia*, 211 F. Supp. 3d 150, 162 (D.D.C. 2016) (quoting *Pearson*, 555 U.S. at 231).

Whether an officer is entitled to qualified immunity requires a two-prong inquiry. First, in cases on summary judgment, the court assesses whether the facts shown make out a violation of a constitutional right. Second, the court decides whether the right at issue was "clearly established" at the time of the defendant's alleged misconduct. *Pearson*, 555 U.S. at 232. If the answer to either inquiry is "no," then the official is entitled to qualified immunity. The court may consider the two prongs in any order it chooses. *Id.* at 236.

As discussed below, in this case, the answer to both prongs of the qualified immunity inquiry is "no." Because Mr. Barak cannot establish that any conduct by Trooper Bloomfield

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

9

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

violated clearly established law, in violation of Plaintiff's constitutional rights, Trooper Bloomfield is entitled to qualified immunity.

**1. As Shown on the Video, Trooper Bloomfield Did Not Violate Mr. Barak's First Amendment Rights**

To establish a First Amendment retaliation claim, Mr. Barak must demonstrate that (1) he engaged in a constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action. *Capp v. Cty. of San Diego*, 940 F.3d 1046, 1053 (9th Cir. 2019) (quoting *O'Brien v. Welty*, 818 F.3d 920, 922). Here, Mr. Barak was not engaged in constitutionally protected speech and his traffic stop was supported by reasonable suspicion of unlawful conduct. For both those reasons, his claim fails.

Mr. Barak's complaint focuses on police badge stickers on his motorcycle and helmet, which Trooper Bloomfield required Mr. Barak to take off before he could leave the traffic stop. *See* Dkt. 1 at p. 5. While recognized symbols, such as emblems or flags, constitute symbolic speech, *Texas v. Johnson,* 491 U.S. 397, 404, 109 S.Ct. 2533, 105 L.Ed.2d 342 (1989), the use of stickers to impersonate a police officer is not a constitutionally protected activity under the First Amendment. *See U.S. v. Tomsha-Miguel*, 766 F.3d 1041, 1048 (9th Cir. 2014) (statutes that prohibit false speech in order to "protect the integrity of Government processes" and "maintain the general good repute and dignity of government service itself" are permissible restrictions on free speech). Under Washington law, "A person is guilty of criminal impersonation in the second degree if the person: [c]laims to be a law enforcement officer or creates an impression that he or she is a law enforcement officer and . . . does an act with intent to convey the impression that he

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT           10           ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

or she is acting in an official capacity and a reasonable person would believe the person is a law enforcement officer." Wash. Rev. Code § 9A.60.045.

Here, Trooper Bloomfield pulled Mr. Barak over for lane splitting and for impersonating a police officer under Washington law. Video at 02:28-02:33; Police Report at p. 2; Dkt. # 1 at p. 4. The incident underlying the claims asserted in Plaintiff's Complaint was captured on video. *See* Dolan Decl. This Court should not accept as true, for purposes of ruling on this summary judgment motion, any assertions made by the non-moving party – here, Mr. Barak – that are flatly contradicted by the video record. *See Scott*, 550 U.S. at 380.

As shown on the video, Mr. Barak was riding a silver and black motorcycle with flashing white strobe lights in between lanes, while wearing law enforcement looking badge emblems on his helmet and motorcycle. Police Report at 2; Video at 12:49-14:01. Trooper Bloomfield "required the defendant to deactivate the strobing white lights on the front of his bike, take all of the police badge stickers off his bike and helmet before he could leave the traffic stop." *Id.* Trooper Bloomfield then issued Mr. Barak an infraction for lane splitting and informed Mr. Barak that he would be forwarding the charge of Criminal Impersonation Second Degree to the Pierce County Prosecutor's Office. *Id.* The evidence in the record therefore establishes that, at the time of the traffic stop, Trooper Bloomfield had reasonable suspicion that Mr. Barak was engaged in a type of false speech, the restriction of which is permissible under the First Amendment. *See Texas*, 491 U.S. at 403-4; *U.S. v. Alverez*, 567 U.S. 709, 717, 132 S.Ct. 2537, 183 L.Ed.2d 574 (2012).

Additionally, in a recent Supreme Court decision, the Court held that probable cause for an arrest will generally defeat a First Amendment retaliation claim because the presence of

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT — 11 — ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

probable cause suggests that the arrest was objectively reasonable and that the officer's animus is not what caused the arrest. *Nieves v. Barlett,* 139 S.Ct. 1715, 1724-26 (2019). While Trooper Bloomfield did not arrest Mr. Barak, the *Nieves* case is instructive showing that Mr. Barak does not have a First Amendment retaliation claim because Trooper Bloomfield had reasonable suspicion to initiate a traffic stop and thus the stop was objectively reasonable.

A traffic violation alone is sufficient to establish reasonable suspicion. *Whren v. U.S.,* 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); *U.S. v. Willis,* 431 F.3d 709, 714-17 (9th Cir. 2005).  Here, Trooper Bloomfield initiated a traffic stop because he saw Mr. Barak driving between lanes (lane splitting) and impersonating a police officer:

> When I observed the defendant approaching my location from behind. I observed a white BMW motorcycle with multiple alternating white strobe lights pointing to the front. I also observed multiple golden badge stickers on the front of the motorcycle and on the helmet of the rider. The motorcycle rider was driving in between lanes 1 and 2 of northbound Interstate 5. Traffic was parting ways in lanes 1 and 2 to give the motorcycle room to get by. . . . As the defendant approached my location and passed me I then realized that it was not a police officer and was just a citizen with badges and multiple flashing lights on his motorcycle. Once the defendant passed my location, he abruptly changed lanes into the left-most lane and slowed next to a large RV. I interpreted this movement as an attempt to hide from me and my patrol vehicle. I change lanes into the middle lane, activated my overhead emergency lights and waited for the motorcycle to pass me in the left lane. Once the motorcycle passed me, I got behind it, and initiated a traffic stop.
>
> Upon stopping on the left, I notified the defendant that I was stopping him for lane splitting as well as impersonation of a police officer.

Police Report at 2.

Washington Revised Code § 46.63.020 provides that any violation of a section in Title 46 of the Washington Revised Code is a traffic infraction; here, Trooper Bloomfield observed Mr. Barak driving between two lanes in violation of Washington Revised Code § 46.61.608(3),

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT — 12 — ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

which states "[n]o person shall operate a motorcycle between lanes of traffic or between adjacent lines or rows of vehicles. *See also U.S. v. Choudhry*, 461 F.3d 1097, 1100 (9th Cir. 2006) (finding that a traffic violation alone is sufficient to establish reasonable suspicion). Thus, Plaintiff's claim fails because the evidence establishes that Trooper Bloomfield had reasonable suspicion to stop him for lane splitting. *See Nieves*, 139 S. Ct. at 1724-26; *Devenpeck v. Alford,* 543 U.S. 146, 153, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004) ("Our cases make clear that an arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause.").

Further, as explained above, Trooper Bloomfield's decision to stop Mr. Barak's motorcycle was also based on the reasonable suspicion that Mr. Barak was engaged in unlawful conduct of impersonating a police officer in violation of Washington Revised Code § 9A.60.045. In deciding to stop Mr. Barak for that offense, Trooper Bloomfield was enforcing the laws of the State of Washington pursuant to the Patrol's legislative duties. *See* Wash. Rev. Code § 43.43.030. However, Mr. Barak has not challenged the constitutionality of the statute criminalizing police impersonation in his Pierce County criminal action; rather, Mr. Barak entered into a pre-trial diversion agreement agreeing not to perform similar incidents. *See* Diversion Agreement. There is thus no basis for Plaintiff's First Amendment claims under the State's criminal impersonation statute.

Accordingly, Mr. Barak cannot demonstrate a First Amendment claim and consequently, has failed to establish a claim for relief under 42 U.S.C. § 1983.

/ / /

/ / /

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT — 13 — ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

**2. Because Plaintiff Cannot Identify Any Clearly Established Right of Which Every Reasonable Official in Trooper Bloomfield's Position Would Have Known, Qualified Immunity Applies**

Finally, Plaintiff bears the burden of proving that the constitutional right purportedly violated was clearly established at the time of the alleged violation. *Moran v. State*, 147 F.3d 839, 844 (9th Cir. 1998). This is a high burden to meet, because "[a] clearly established right is one that is 'sufficiently clear that *every* reasonable official would have understood that what he is doing violates that right.'" *Mullenix*, 577 U.S. at 11 (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)) (emphasis added). In other words, the Plaintiff must show that "existing precedent [...] placed the statutory or constitutional question beyond debate." *Id.* (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011)). The objective, ultimately, is to permit officials to "reasonably […] anticipate when their conduct may give rise to liability for damages." *Anderson v. Creighton*, 483 U.S. 635, 639, 107 S. Ct. 3034, 97 L.Ed.2d 523 (1987).

Clearly established law must be "particularized" to the facts of the case. *City of Escondido, Cal. v. Emmons*, 139 S. Ct. 500, 503 (2019); *Anderson v. Creighton,* 483 U.S. 635, 640 (1987). The analysis is not to be conducted at a high level of generality, but, instead, should identify comparable cases where an officer acted in similar circumstances. *White v. Pauly*, 137 S.Ct. 548, 552 (2017).  When the only cases the plaintiff cites are factually distinguishable, or provide "nothing more than a general principle," the officer is entitled to qualified immunity except in the "rare instance" where an officer's conduct is clearly unlawful under a general legal principle despite the lack of legal precedent. *West v. City of Caldwell*, 931 F.3d 978 (9th Cir. 2019). Whether the law was clearly established is a pure question of law for this Court to decide. *Tortu v. Las Vegas Metro. Police Dep't*, 556 F.3d 1075 (9th Cir. 2009); *Romero v. Kitsap Cty.*, 931 F.2d 624, 628 (9th Cir. 1991).

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT — 14 — ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

Here, Mr. Barak can point to no precedent that "clearly establishes" that, by stopping his motorcycle and citing him for lane splitting and unlawful impersonation of a police officer, Trooper Bloomfield violated his First Amendment rights. Indeed, the case law supports the opposite conclusion: that no such constitutional violation occurred. *See Texas*, 491 U.S. at 404; *Nieves*, 139 S. Ct. at 1724-26.

Moreover, even if the Court were to find that there were insufficient facts to support reasonable suspicion to stop Mr. Barak, the law allows for reasonable mistakes by state officials. Because Mr. Barak cannot identify any sufficiently particularized, controlling precedent that would have alerted Trooper Bloomfield that his actions were violating Mr. Barak's First Amendment rights, Trooper Bloomfield is entitled to qualified immunity. Plaintiff's claims against him should be dismissed.

### VI.   CONCLUSION

For the above-mentioned reasons, the State respectfully requests that Plaintiff's Complaint, in its entirety, be dismissed with prejudice.

DATED this 5th day of May, 2021.

ROBERT W. FERGUSON
Attorney General

*s/ Debra Lefing*

DEBRA LEFING, WSBA No. 53344
OID #91023
Assistant Attorney General
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300
Debra.lefing@atg.wa.gov

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT   15   ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Derek M. Smith
>Law Offices of Smith & White
>717 Tacoma Avenue South, Suite C
>Tacoma, WA  98402
>Derek@smithandwhite.com
>Danely@smithandwhite.com

DATED this 5th day of May, 2021, at Tumwater, Washington.

*s/ Debra Lefing*

DEBRA LEFING, WSBA No. 53344

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT — 16 — ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300